STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. RE-13-149

ACORN VILLAGE
CONDOMINIUM ASSOC.,

Plaintiff,

v.

**DECISION AND
ORDER**

ACORN VILLAGE LLC,

and

TIMOTHY J. SWENSON

Defendants.

## I.    Background

### A. Background and Procedural History

This case concerns a condominium development in Old Orchard Beach. Plaintiff Acorn Village Condominium Association ("the Condo Association") is a nonprofit corporation organized under the laws of Maine. Defendant Acorn Village ("AV") is a limited liability company also organized under the laws of Maine. Defendant Timothy Swenson is a principal of AV.[1]

---

[1] For purposes of this opinion, the court refers to AV and Swenson collectively as "AV" or "Defendants."

1

The Condo Association initiated this action seeking declaratory and injunctive relief to clarify rights in certain unfinished condominium units on the property and to restrain the Defendant from entering the units. The complaint alleged counts for trespass, breach of contract, and quiet title. The Defendants answered, asserted various defenses, and counterclaimed for unjust enrichment. A one-day bench trial was held on March 16, 2015.

## B. Facts

Considering the credible testimony, exhibits, stipulations and evidence admitted at trial, the court makes the following findings of fact.

In April 2004, AV created a condominium association pursuant to a Declaration of Condominium ("the Declaration") dated March 22, 2004 and recorded in the York County Registry of Deeds at Book 14040, Page 768. Defendant thereafter began selling condominium units, and by the summer of 2007, 25 of 32 potential units had been sold for prices approximately ranging from $240,000 up to $340,000. Defendant constructed Unit 1, framed Unit 2, and laid concrete slabs for Units 11 and 12.[2] Defendant created Unit 1 by filing an amendment of the declaration and sold the unit in July 2010. As of late 2010, 29 units in total had been sold, including Unit 1.

In relevant part, the Declaration states:

Declarant [AV] reserves the right but not the obligation until seven (7) years from the date of the recording of this Declaration to create up to fourteen (14) additional Units (for a total of thirty-two (32) Units) and limited common elements appurtenant to such Units, on the land described in Exhibit A, all pursuant to Section 1602-110 of the Condominium Act. . . . All improvements within a future Building Phase must be substantially completed upon the addition to the Condominium. The Declarant must

---

[2] As depicted on the plans, Unit 1 and 2 are connected through a common wall and roof system. Defendant testified that this required Unit 2 to be framed simultaneously with the construction of Unit 1.

2

exercise its right hereunder within seven (7) years of the recording of this Declaration.

(Def.'s Ex. 1.) The seven-year window to create additional units expired in April of 2011. The Condo Association recorded a Certificate of Expiration of Special Declarant Rights to Create Additional Units on April 4, 2011.

As of April 2011, construction remained incomplete. The parties unsuccessfully tried to negotiate a plan to finish the project in May 2011. AV did some basecoat paving work in common areas, but took no further steps towards completion. Plaintiffs incurred substantial costs in an effort to complete unfinished work on the site.

## II. Discussion

### A. The Maine Condominium Act

Under Maine's Condominium Act, a condominium is created upon the recording of a declaration of condominium in the registry of deeds. 33 M.R.S. § 1602-101 (2014). Among other terms, the declaration contains "[a] description of any development rights and other special declarant rights, section 1601-103, paragraph (25), reserved by the declarant, together with a legally sufficient description of the real estate to which each of those rights applies, and a time limit within which each of those rights must be exercised." 33 M.R.S. § 1602-105(A)(8). In order to exercise such development rights, the declarant must "prepare, execute and record an amendment to the declaration, section 1602-117, and comply with section 1602-109." 33 M.R.S. § 1602-110(A).

The court finds AV's development rights terminated in April 2011.[3] AV failed to amend the Declaration to declare Units 2, 11, and 12 within the time limits set forth in the Declaration and took no other steps to preserve its interest. As a result, AV has no rights

---

[3] Because AV had no legal rights in the property after April 2011, any mortgages or liens on the property for AV's debts were void as a matter of law.

3

or ownership interest in the unfinished units, or any other part of the property. Those unfinished units became common elements of the condominium. The court next turns to the Defendants' unjust enrichment claim.[4]

### B. Unjust Enrichment

Unjust enrichment is an equitable remedy anchored in the law of restitution. Horton & McGehee, *Maine Civil Remedies* § 7.3 at 174 (4th ed. 2004) ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other.")

To prevail on a claim for unjust enrichment, a party must establish "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Aladdin Elec. Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994). "To bring a case within the scope of the equitable doctrine of unjust enrichment, there must be some specific legal principle or situation which equity has established or recognized." *Ocean Nat'l Bank v. Diment*, 462 A.2d 35, 38 (Me. 1983). "The retention of the property must be in violation of a duty that the law imposes." *Id.* at 39.

Unjust enrichment does not apply to the facts of this case. The court finds and holds that in light of the uncompleted state of the condominium project in 2011 and the substantial remaining work required to complete the common areas, there has been no enrichment at all, let alone unjust enrichment. Any additional work the Defendants

---

[4] While Plaintiffs also address Defendants' request for compensation under quantum meruit, the Defendants only assert and argue a counterclaim for unjust enrichment. The court therefore only addresses unjust enrichment.

4

completed after the seven-year deadline set forth in the Declaration expired was at their own peril. The Condo Association's retention of a benefit, if any, is plainly not inequitable and does not violate any legal duty imposed by law. To the contrary, the equities tip in favor of the Condo Association, which was left to finish the common areas when AV walked off the project. The Defendants therefore are not entitled to any compensation under an unjust enrichment theory.[5]

### III.    Conclusion

Defendants have no rights in Unit 2 or any other unfinished unit or areas of the condominium property and are enjoined from trespassing on the property. Defendants are not entitled to compensation under an unjust enrichment theory.

The clerk will make the following entry, by reference, on the docket pursuant to Rule 79(a):

Judgment for the Plaintiff.

SO ORDERED.

DATE: May 20, 2015

John O'Neil, Jr.
Justice, Superior Court

**ENTERED ON THE DOCKET ON:** 5/20/15

---

[5] The parties disputed the value of the improvements at trial. The value of the improvements ultimately proves irrelevant because the Defendants are not entitled to any compensation under an unjust enrichment theory.

5

RE-13-149

ATTORNEY FOR PLAINTIFF:
LESLIE LOWRY, ESQ.
JENSEN BAIRD GARDNER HENRY
10 FREE STREET
PO BOX 4510
PORTLAND, ME 04112

ATTORNEY FOR DEFENDANTS:
DAVID ORDWAY, ESQ.
SHAHEEN & GORDON PA
199 MAIN STREET
PO BOX 1179
SACO, ME 04072